# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| VALENTIN JARAMILLO, | ) |
| Petitioner, | ) ) ) |
| v. | ) CAUSE NO. 3:12-CV-69 WL ) |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Petitioner Valentin Jaramillo, a prisoner confined at the Westville Correctional Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Steuben Superior Court for operating a vehicle while intoxicated and the finding that he was an habitual offender, for which he received a sentence of twenty-three years imprisonment. The records of this Court establish that Jaramillo filed an earlier federal petition for writ of habeas corpus challenging this same conviction, 3:08cv304-JVB, which was denied on the merits on April 13, 2009.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .."*Id*. This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Because Jaramillo has already prosecuted a petition for writ of habeas corpus challenging his Steuben County conviction, his current petition is a second or successive

petition for writ of habeas corpus. Regardless of whether the claims Jaramillo is now attempting to present are new or whether they were presented in his previous petition, this petition must be dismissed because this Court lacks jurisdiction to consider his claims. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Therefore, any claims previously presented must be dismissed. Any claim not previously presented must also be dismissed because "before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3). Here, Jaramillo has not obtained an order from the Seventh Circuit permitting him to proceed with any previously unpresented claims. " A district court <u>must</u> dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). Therefore any previously unpresented claims must also be dismissed. Because Jaramillo may be able to obtain leave of the Seventh Circuit to file a second or successive petition, the Court will dismiss this petition without prejudice.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must consider whether to grant Jaramillo a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner

2

or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id*. at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the Court concludes that Jaramillo's attempt to file a petition for writ of habeas corpus must be dismissed because it would be a second or successive petition without leave of the circuit court. Jurists of reason could not debate the correctness of this procedural ruling or find a reason to encourage Jaramillo to proceed further. Accordingly, the Court declines to issue Jaramillo a certificate of appealability.

For the foregoing reasons, the Court, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. Section 2244(b), DISMISSES this petition without prejudice, DIRECTS the Clerk to close this case, and DENIES the Petitioner a certificate of appealability.

SO ORDERED on February 9, 2012

                                         s/Wlliam C. Lee
                                         William C. Lee, Judge
                                         United States District Court